Case 3:13-cv-01656-PGS-DEA   Document 1-1   Filed 03/18/13   Page 1 of 14 PageID: 5

# EXHIBIT A

GUARANTEED SUBPOENA SERVICE, INC.   P.O. BOX 2248   UNION, NJ 07083   Phone: (800) 672-1952   Fax: (908) 688-0885   Info@served.com
Summons in a Civil Action   www.served.com   Copyright © 2000

# Summons

Attorney(s): LAW OFFICES OF PETER C. LUCAS, LLC
Office Address: 725 CAROL AVENUE, P.O. BOX 490
Phone: 732-663-9100   Fax: 732-663-0029
Attorney(s) for: PLAINTIFF

GILBERTHE JEAN-BAPTISTE and MARIE JEAN-BAPTISTE,

Plaintiff(s) vs.

NEW YORK TERMINAL 1, INC. aka NEW YORK TERMINAL INC.,
ELIZABETH NEWARK SHIPPING, INC.,

Defendant(s)

Superior Court of New Jersey

LAW Division
MONMOUTH County

Docket/Case# MON-L-0162-13

Summons in a Civil Action

## From The State of New Jersey,
*To The Defendant(s) Named Above:*

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer of motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971 Trenton, NJ 08625-0971. A filing fee payable to the clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer of motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 1/23/2013

Jennifer M. Perez
Clerk of the Superior Court

*Name of Defendant to be Served:*
New York Terminal 1, Inc., c/o Joel Bonhommette

*Address of Defendants to be Served:*
51 Port Terminal Blvd., Bayonne, New Jersey 07002

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center
10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
1st Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Floor, Hall of Records
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 North Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office, Attn: Intake
1st Floor, Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street
P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
3rd Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House, 413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD         NJ 07728

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS

TRACK ASSIGNMENT NOTICE

DATE:    JANUARY 16, 2013
RE:      JEAN BAPTISTE ETAL VS NEW YORK TERMINAL 1 INC
DOCKET:  MON L -000162 13

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON JOSEPH P. QUINN

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        001
AT: (732) 677-4262 EXT 4262.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING. PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:
           ATT: PETER C. LUCAS
           LUCAS LAW OFFICE         PETER       C
           725 CAROL AVE
           PO BOX 490
           OAKHURST                NJ 07755

JUDWIL1

LAW OFFICE OF PETER C. LUCAS, L.L.C.
725 Carol Avenue
Post Office Box 490
Oakhurst, New Jersey, 07755
Tel: (732) 663-9100
Fax: (732) 663-0029
Attorney for Plaintiffs

SUPERIOR COURT OF N.J
MONMOUTH VICINAGE
RECEIVED-CIVIL DIVISION

2013 JAN 14 P 1:19

FILED JAN 14 2013

| | |
|---|---|
| GILBERTHE JEAN-BAPTISTE and MARIE E. JEAN-BAPTISTE | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY - LAW DIVISION DOCKET NO. L-162-13 |
| Plaintiffs, | |
| v. | Civil Action |
| NEW YORK TERMINAL 1 INC. aka NEW YORK TERMINAL INC., ELIZABETH NEWARK SHIPPING INC., JOHN DOE (1-10), fictitious individuals; ABC CORP. (1-10), fictitious individuals and entities. | COMPLAINT AND JURY DEMAND |
| Defendants, | |

Plaintiffs, Gilberthe Jean-Baptiste and Marie E. Jean-Baptiste both residing at 4 Dale Place, Township of Neptune, County of Monmouth and State of New Jersey, by way of Complaint against the Defendant says:

### FIRST COUNT

1. Plaintiffs Gilberthe Jean-Baptiste and Marie E. Jean-Baptiste are a daughter and mother residing in Neptune, New Jersey.

2. New York Terminal 1 Inc. aka New York Terminal Inc. (hereafter "New York Terminal 1") is a corporation located in Bayonne, New Jersey, who is engaged in the business of shipping or arranging property to be shipped to Haiti.

1

3. Upon information and belief New York Terminal 1 Inc. formerly worked under the name of Elizabeth Newark Shipping Inc. and may still do business under this name as same was included on information provided to the Plaintiffs herein.

4. The Defendants, John Doe, 1-10 and ABC Corp., are at all times herein fictitious names representing an individual, corporation, partnership and/or association who was responsible for damages to Plaintiffs in this matter.

5. The Plaintiffs hired Defendant New York Terminal 1 to ship consumer goods including an automobile and personal effects which had a substantial value to Haiti.

6. Defendants represented that they shipped automobiles to Haiti in the regular course of their business and would be able to do this work successfully. They further represented that Plaintiffs' items would arrive safely in Haiti.

7. Plaintiffs had previously purchased an automobile, a 1988 Toyota Landcruiser, for $9,450.00 plus an additional $500.00 in tax, title, etc., in the United States with the intent of shipping it to Haiti.

8. Defendants represented that the automobile and its contents would be shipped on or about August 2012.

9. Defendants charged Plaintiffs the sum of $1,480.00 to ship the automobile with consumer goods inside.

10. Plaintiffs also incurred an approximate $150.00 in tolls, a driver, and gasoline driving the automobile to Bayonne for shipping.

11. The consumer goods locked inside the car totaled approximately $30,000.00.

2

12. At the time the consumer goods were bailed to Defendants for the purpose of shipping, they were in new or good condition. The Toyota Landcruiser was also in exceptional working condition when it was bailed to Defendants.

13. Despite its previous representations to the Plaintiffs, Defendants failed to ship the goods in August 2012. Thereafter, Defendants' employees and owner represented that the items would be shipped in September 2012. The items were finally shipped to Haiti in October 2012 and arrived on October 31, 2012, approximately three (3) months late.

14. When the items arrived in Haiti the automobile was completely totaled and all of the consumer goods had been destroyed.

15. Plaintiffs reached out to Defendants for an explanation as to what had occurred and for reimbursement for the value of these items. To date, no relief or explanation has been provided by the Defendants.

16. Further, Plaintiffs incurred an additional $2,700.00 in costs to take the automobile and consumer goods out of Haitian customs.

17. Plaintiffs also lost business opportunities in Haiti as a result of the damaged automobile and consumer goods.

18. Defendants failed to deliver Plaintiffs items in good, working condition and in a timely manner pursuant to both an oral and implied contract between the parties.

19. Defendant's failure to perform constitutes a breach of contract.

20. As a direct and proximate result of the Defendants' actions, Plaintiffs have suffered damages, including but not limited to financial loss, loss of economic

3

gain, loss of business opportunity and such other damages as will be determined at the time of trial.

WHEREFORE, Plaintiffs demand judgment against Defendants, for damages and attorney's fees together with costs of suit.

## SECOND COUNT

1. Plaintiffs repeat all of the prior allegations as fully set forth herein.
2. Plaintiffs turned over their consumer goods to Defendants for safe transport to Haiti. Based on the conduct of the parties' this was expressly understood.
3. Plaintiffs provided goods to Defendants and Defendants accepted Plaintiffs' property constituting a bailment.
4. Defendants' conduct constitutes breach of bailment.
5. As a direct and proximate result of the Defendants' actions, Plaintiffs have suffered damages, including but not limited to financial loss, loss of economic gain, loss of business opportunity, attorneys fees and costs, and such other damages as will be determined at the time of trial.

WHEREFORE, Plaintiffs demand judgment against Defendants, for damages and attorney's fees together with costs of suit.

## THIRD COUNT

1. Plaintiffs repeat all of the prior allegations as fully set forth herein.
2. Plaintiffs paid Defendants to transport their property and keep same in good condition.

4

3. Defendants have been paid for services which they did not perform and same constitutes unjust enrichment.

4. As a direct and proximate result of the Defendants' actions, Plaintiffs have suffered damages, including but not limited to financial loss, loss of economic gain, loss of business opportunity, attorneys fees and costs, and such other damages as will be determined at the time of trial.

WHEREFORE, Plaintiffs demand judgment against Defendants, for damages and attorney's fees together with costs of suit.

## FOURTH COUNT

1. Plaintiffs repeat all of the prior allegations as fully set forth herein.

2. Defendants had represented that the automobile and consumer goods would ship in early August 2012. Defendants repeatedly represented same to Plaintiffs.

3. Plaintiffs made accommodations for same to be picked up from the port in Haiti. Only after the automobile did not arrive, did Plaintiffs learn the automobile and goods had not been shipped.

4. Defendants further attempted to evade any questioning by the Plaintiffs regarding the next shipment date. Defendants also made representations about when the automobile and goods would be shipped, only to later modify the shipping dates.

5. Plaintiffs requested their money back and were met with assurances by the Defendants that the items would be shipped in a timely fashion.

6. Further, when it was discovered that the Plaintiffs' automobile and goods had been destroyed, Defendants failed to return telephone calls or work to rectify the situation with Plaintiffs.

7. The Defendants' conduct constitutes a breach the covenant of good faith and fair dealing.

8. As a direct and proximate result of the Defendants' actions, Plaintiffs have suffered damages, including but not limited to financial loss, loss of economic gain, loss of business opportunity, attorneys fees and costs, and such other damages as will be determined at the time of trial.

WHEREFORE, Plaintiffs demand judgment against Defendants, for damages and attorney's fees together with costs of suit.

## FIFTH COUNT

1. Plaintiffs repeat all of the prior allegations as fully set forth herein.

2. By accepting Plaintiffs' property for transportation the Defendants assumed a duty to transport the property to Haiti.

3. Defendants failed to exercise due care in transporting Defendants' property thereby breaching its duty to Plaintiffs.

4. Defendants' conduct constitutes negligence and caused Plaintiffs to suffer damages.

5. As a direct result of the careless, negligent or reckless actions of the Defendants aforesaid, Plaintiffs were harmed and suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, for damages and attorney's fees together with costs of suit.

6

## SIXTH COUNT

1. Plaintiffs repeat all of the prior allegations as fully set forth herein.

2. John Does 1-10 and ABC Corp. 1-10 are fictitious individuals, companies, or entities who may also be negligent and/or breached their contract causing Plaintiff to suffer damages.

3. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages, including but not limited to financial loss, loss of economic gain, loss of business opportunity and such other damages as will be determined at the time of trial.

WHEREFORE, Plaintiffs demand judgment against Defendants, for damages and attorney's fees together with costs of suit.

LAW OFFICE OF PETER C. LUCAS, L.L.C.
Attorneys for Plaintiffs

Dated: 1/10/13

JESSICA S. STRUGIBENETTI, ESQ.

## JURY DEMAND

Plaintiff demands a trial of jury, pursuant to Rule 4:35-1.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I do hereby certify that confidential, personal identifiers have been redacted from documents now submitted to the Court, will be redacted from all documents submitted in the future, in accordance with Rule 1:38-7(b).

## CERTIFICATION

I do hereby certify that the within pleading was filed within the time prescribed by Rule 4:6. I further certify that all counsel of record appearing in the within Civil Action are being served with copies of this pleading, said service being made pursuant to the provisions of Rule 1:5.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Peter C. Lucas, Esq. is hereby designated as trial counsel on behalf of plaintiff in the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, JESSICA S. STRUGIBENETTI, ESQ., certifies on behalf of the plaintiff as follows:

1. I am an Attorney-At-Law of the State of New Jersey, counsel for the plaintiff in the subject litigation.

2. The matter in controversy in this case is not, to the best of my knowledge, the subject of any other action pending in any court or pending arbitration proceeding; nor is any action or arbitration contemplated.

3. I am not aware of any other parties who should be joined in this action at the present time.

4. I hereby certify that the foregoing statements made by me are true. I

8

am aware that if any of the statements made by me are willfully false, I am subject to punishment.

LAW OFFICE OF PETER C. LUCAS, L.L.C.
Attorneys for Plaintiffs

Dated 1/10/13

_____
JESSICA S. STRUGIBENETTI, ESQ.

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| | |
|---|---|
| ATTORNEY / PRO SE NAME: Peter C. Lucas, Esq. | TELEPHONE NUMBER: (732) 663-9100 |
| FIRM NAME (if applicable): Law Offices of Peter C. Lucas, LLC | COUNTY OF VENUE: Monmouth |
| OFFICE ADDRESS: 725 Carol Avenue, P.O. Box 490, Oakhurst, NJ 07755 | DOCKET NUMBER (when available): MON-L- 162-13 |
| | DOCUMENT TYPE: Complaint |
| | JURY DEMAND: ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Gilberthe Jean-Baptiste and Marie E. Jean-Baptiste, Plaintiffs | Gilberthe Jean-Baptiste and Marie E. Jean-Baptiste v. New York Terminal 1 Inc. aka New York Terminal Inc., Elizabeth Newark Shipping Inc., et als. |

| CASE TYPE NUMBER (See reverse side for listing): 599 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|
| | IF YOU HAVE CHECKED "YES;" SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ■ BUSINESS ☐ OTHER (explain) |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 05-07-2012, CN 10517-English                                                                                          page 1 of 2